# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| ARTHUR LEE STEWART | NO.: 19-00075-BAJ-RLB-1 |

## RULING AND ORDER

Before the Court is the **Motion to Suppress (Doc. 18)** filed by Defendant Arthur Lee Stewart. Defendant seeks to suppress all physical evidence and inculpatory statements obtained as a result of and during his arrest. The Government filed an opposition. (Doc. 20). On October 11, 2019, the Court held an evidentiary hearing. For the reasons stated herein, the motion is **DENIED**.

## I. BACKGROUND

At approximately noon on December 3, 2018, East Baton Rouge Sheriff's Office Special Community Anti-Crime Team members Sergeant Sellars, Sergeant Griffin, Corporal Wilson, Deputy Harry, Deputy Fleming, and Deputy Cheney were working near north Baton Rouge when they observed a live social media feed depicting an individual in possession of what appeared to be marijuana and a handgun. The officers were able to identify that the individual was in front of the Triple A convenience store in north Baton Rouge. Team members immediately entered their patrol units and headed toward the store.

Sergeant Sellars and Corporal Wilson were the first to arrive at the store. Corporal Wilson was driving, and Sergeant Sellars was in the front passenger seat. The window of the front passenger seat was down. As the patrol unit pulled up to the store, Sergeant Sellars detected a strong odor of marijuana and observed two individuals smoking what appeared to be marijuana "blunts." One of the individuals, who was later identified as Defendant, walked toward the patrol unit. Sergeant Sellars exited the patrol unit and instructed Defendant to stop. Defendant then abruptly turned and fled. Sergeant Sellars apprehended him, handcuffed him, and advised him of his *Miranda* rights.

At that point, Sergeant Sellars asked Defendant if he had anything in his possession. Defendant responded that he had marijuana in his pocket and had previously been smoking a rolled marijuana cigar ("blunt"). Deputy Harry searched the ground where Defendant and the other individual were standing when Sergeant Sellars first observed them and found a suspected marijuana blunt. Sergeant Sellars conducted a search of Defendant's person. During the search, Sergeant Sellars found heroin, marijuana, a scale, and Adderall. Sergeant Sellars then turned custody of Defendant over to Deputy Fleming, who conducted a secondary search of Defendant's person and found a handgun.

## II. DISCUSSION

Defendant argues that he was detained without a warrant, probable cause, or reasonable suspicion. In the case of a warrantless seizure, the Government bears the

burden of proving, by a preponderance of evidence, that the seizure was constitutional.

### a. Terry Stop and Warrantless Arrest of Defendant

While the Fourth Amendment generally requires officers to obtain a warrant before searching or seizing an individual, under the "very narrow exception" announced in *Terry v. Ohio*, 392 U.S. 1 (1968), police officers may briefly detain a person for investigative purposes if they can point to "specific and articulable facts" that give rise to reasonable suspicion that a person has committed, is committing, or is about to commit a crime. *United States v. Hill*, 752 F.3d 1029, 1033 (5th Cir. 2014).

"Probable cause for a warrantless arrest exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *United States v. Ochoa*, 667 F.3d 643, 649 (5th Cir. 2012) (quoting *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995)).

In the case before the Court, the officers had observed a live social media feed depicting Defendant in possession of what appeared to be marijuana and a handgun in front of the Triple A convenience store. The officers were entitled to observe the social media feed because it was voluntarily uploaded by Defendant. The officers were able to identify that the individual was in front of the Triple A convenience store, which they testified is in a high crime area. The Fifth Circuit has ruled that factors germane to a reasonable suspicion analysis include whether the area where the stop occurred was a high crime area. *United States v. Tuggle*, 284 F. App'x 218, 223 (5th

Cir. 2008). As Corporal Wilson's patrol unit pulled up to the store, Sergeant Sellars detected a strong odor of marijuana and observed two individuals smoking what appeared to be marijuana blunts, at which point Defendant abruptly turned and fled. Possession of marijuana is a crime under Louisiana law, and the Fifth Circuit has ruled that another factor germane to a reasonable suspicion analysis is whether the individual engaged in flight upon noticing the police. *Id.* Lastly, it is undisputed that Defendant was provided the *Miranda* warnings immediately after his arrest.

Sergeant Sellars and Deputy Harry's testimony establishing all these facts was credible and was not controverted. Thus, the officers' decision to approach the Triple A convenience store was supported by reasonable suspicion. Similarly, Sergeant Sellars's decision to arrest Defendant was supported by probable cause.

### b. Search Incident to Arrest of Defendant's Person

A search incident to arrest may only include the arrestee's person and the area within his immediate control. *United States v. Johnson*, 846 F.2d 279, 281 (5th Cir. 1988). In the case before the Court, Sergeant Sellars conducted a search incident to arrest of Defendant's person. Sergeant Sellars found heroin, marijuana, a scale, and Adderall. Sergeant Sellars then turned custody of Defendant over to Deputy Fleming. Deputy Fleming conducted a second search incident to arrest of Defendant's person and found a handgun. Defendant has failed to satisfy his burden of proving that either of these searches were conducted unlawfully.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Suppress (Doc. 18)** is **DENIED.**

Baton Rouge, Louisiana, this 28th day of October, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**